[L. A. No. 13808. In Bank.—December 23, 1932.]

## WILLIAM R. WRIGHT, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Homer C. Mills for Appellant.

Philbrick McCoy for Respondent.

THE COURT.—This is a petition to review an order of the board of governors of The State Bar recommending that petitioner be suspended from the practice of the law in this state for a period of two years. The local administrative committee which conducted the proceedings recommended disbarment.

On September 8, 1930, petitioner, as receiver for E. C. Newton Corporation in the case of Wix. *v.* Newton, in the Superior Court of Los Angeles County, was awarded $1300 in fees, and an order of court was made directing him to recover said sum from the corporation. On January 7, 1931, petitioner caused a satisfaction of this judgment to be entered with the clerk of said court. On July 2, 1931, G. A. Waterman gave notice of motion to set aside the satisfaction on the ground that petitioner had previously assigned the judgment to him for valuable consideration. Petitioner was present at the hearing and denied having made the assignment. The court, Judge D. L. Edmonds,

denied the motion at that time without prejudice. A further motion was made, and on November 10, 1931, was granted by consent of the attorneys for Waterman and defendant Newton.

■ Petitioner was charged with attempting to defraud Waterman by causing the satisfaction of the judgment to be entered after his assignment thereof; with attempting to deceive the court by the false statement that he had not made the assignment; and with a similar attempt at deception of the local administrative committee before which he testified. Whether the evidence is sufficient to sustain the charge of attempting to defraud Waterman need not be considered. Even if we accept petitioner's version of this transaction, it is still necessary for him to justify his statements concerning the alleged assignment, which, according to the testimony of Judge Edmonds, led the court to deny the first motion to set aside the satisfaction of judgment.

On this issue, namely, whether petitioner sought to mislead the court by false statements, he has failed to overcome the case against him. A written instrument was produced purporting to contain his signature. An acknowledgment by C. L. Welch, secretary of the corporation and a notary public, appears thereon, and Welch testified that the signature was that of petitioner, with which he was familiar. Frank C. Shoemaker, a member of the bar who acted as petitioner's attorney for a period before and after the alleged assignment, testified to the circumstances under which the instrument was signed and acknowledged by petitioner. H. F. Fintel, a witness called for petitioner, first testified that the signature was not that of petitioner, and on cross-examination changed his testimony and declared that it was. The committee also had before it admittedly genuine exemplars of petitioner's signature, which showed obvious similarity. We are of the opinion that the findings are supported by the evidence.

It is therefore ordered that petitioner be and he is hereby suspended from the practice of the law in the state of California for the period of two years from and after December 31, 1932.

Rehearing denied.